UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　　　　ORDER

VITO PETRIELLO,　　　　　　　　　　　　　　　　18-CR-480 (CS)

             Defendant.
------------------------------------------------------x

Seibel, J.

    Before the Court is Defendant Vito Petriello's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 54), and the Government's opposition thereto, (Doc. 56).

    Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community.  Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*,

976 F.3d 228, 237 (2d Cir. 2020).[1] "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

But sentence reduction may be considered only if Defendant has exhausted his administrative remedies, meaning he must have applied to the Warden of his facility and waited at least thirty days for a response. *See* 18 U.S.C. § 3582(c)(1)(A). He does not purport to have done so, and the Government represents that he has not. Accordingly, I am without authority to grant a sentence reduction. *See United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Roberts*, No. 18-CR-528, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).

Further, while I understand Defendant's concern about the COVID-19 outbreak at FCI Allenwood Low, it fortunately seems to have peaked, as the number of inmates testing positive has come down considerably, according to the Department of Justice Office of Inspector General COVID-19 Dashboard. Happily there have been no deaths. And there is no indication that Defendant suffers from any condition that makes him more susceptible to a severe case should he be stricken with COVID-19. In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases) ; *see United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020)

---

[1] The Government needs to update its boilerplate in light of *Brooker.*

("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases).

    I am without authority to grant the motion, and it is therefore denied.  The Clerk of Court is respectfully directed to send a copy of this Order to Vito Petriello, No. 79397-054, FCI Allenwood Low, Federal Correctional Institution, P.O. Box 1000, White Deer, PA  17887

Dated: January 6, 2020
       White Plains, New York

                                                _____
                                                CATHY SEIBEL, U.S.D.J.